UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

JARED FLINT JACKSON,

        Petitioner,

  v.

JAMES A. YATES,
Warden of Pleasant Valley State Prison,

        Respondent.
_____/

No. C 07-00099 MHP

**ORDER TO SHOW CAUSE**

INTRODUCTION

    Petitioner Jared Flint Jackson, a California prisoner now incarcerated at Pleasant Valley State Prison, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. section 2254. His petition is now before the court for review pursuant to 28 U.S.C. section 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

BACKGROUND[1]

    On January 28, 2006 petitioner was convicted of two counts of aggravated sexual assault in violation of California Penal Code section 269 and one count of child endangerment in violation of California Penal Code section 273a(b). Petitioner is currently serving two consecutive life terms for his related convictions.

    During the course of petitioner's trial, the prosecution introduced the testimony of a physician's assistant who purported that she had examined the victim approximately eleven months after the assault. The physician's assistant testified that the examination of the victim revealed

details "suggestive of prior penetrating trauma." Defense counsel sought no independent medical opinion as to the validity of these conclusions, nor did the defense move to submit evidence into the record regarding the victim's sexual history. Since then, petitioner has obtained expert testimony contradicting that presented by the prosecution at trial.

Petitioner has appealed his convictions and petitioned for writ of habeas corpus at every level of the California courts. Having exhausted his avenues for relief from the state, petitioner now seeks redress from this court.

## LEGAL STANDARD

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990), cert. denied sub nom. Hendricks v. Calderon, 517 U.S. 1111 (1996). Alternatively, the State may be ordered to show cause where the underlying decision "was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1).

## DISCUSSION

Petitioner seeks habeas relief, alleging ineffective assistance of counsel in his criminal trial. He points to both the defense's failure to reasonably investigate inculpatory evidence and a failure to present related exculpatory evidence. Petitioner further argues that these objective deficiencies deprived him of a fair trial as guaranteed under the Sixth Amendment.

"An ineffective assistance claim has two components: a petitioner must show that counsel's

performance was deficient, and that the deficiency prejudiced the defense." Wiggins v. Smith, 539 U.S. 510, 521 (2003) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). The right to effective assistance of counsel is "clearly established Federal law" under 28 U.S.C. § 2254(d)(1). See, e.g., Williams v. Taylor, 529 U.S. 362, 405-06 (2000). Where a defense attorney allegedly fails to make reasonable investigations, "a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." Silva v. Woodford, 279 F.3d 825, 836 (9th Cir. 2002) (quoting Strickland, 466 U.S. at 491).

Petitioner's allegations are not patently frivolous and assert a cognizable claim for habeas relief. Therefore, respondent must show cause for petitioner's continuing detention.

CONCLUSION

For the foregoing reasons,

1. Petitioner's Sixth Amendment claims are cognizable;
2. The Clerk of the Court shall serve by certified mail a copy of this Order and the petition and all attachments thereto upon respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this Order on petitioner.
3. Respondent must file and serve upon petitioner, on or before **May 1, 2007**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the trial record that have been transcribed and that are relevant to a determination of the issues presented by the petition.

UNITED STATES DISTRICT COURT
For the Northern District of California

4.  If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **May 29, 2007**.

IT IS SO ORDERED.

Dated: April 2, 2007

_____
MARILYN HALL PATEL
District Judge
United States District Court
Northern District of California

**ENDNOTE**

1.  Unless otherwise indicated, all facts are taken from petitioner's memorandum in support of his petition.